Dear Mr. Kirkpatrick:
This opinion is in response to your question asking:
 Is the county clerk required under House Bill No. 148 of the 80th General Assembly to collect the fees set out therein for each report or statement required to be filed with his office under Chapter 130, RSMo 1978, and also asking whether the county clerk can refuse to accept reports or statements required by Chapter 130 if the $3.00 fee is not paid?
House Bill No. 148 of the First Regular Session, 80th General Assembly, among other things, repealed § 51.410, RSMo, and enacted in lieu thereof a new section with the same number effective September 28, 1979, providing as follows:
 The county clerk shall charge a fee of three dollars for each certificate, bond, filing, petition, license, order, recording, or other document, writing, or transaction handled in accordance with the duties of the office of county clerk. The clerk shall pay into the treasury of the county any and all fees collected under the provisions of this section.
In our Opinion No. 182 dated October 16, 1979, addressed to you, copy enclosed, this office concluded that House Bill No. 148 of the 80th General Assembly, which authorizes a three dollar charge by the county clerk for various services performed by him, does not authorize the clerk's charging for certain election procedures.
It is our view that the reasoning in that opinion is generally applicable here.
For the sake of clarity, we point out that many of the sections in Chapter 130 with respect to campaign finance disclosures were amended by Senate Bill No. 129 of the 80th General Assembly effective September 28, 1979. Although we do not deem the amendments made by Senate Bill No. 129 germane to your question, it is noteworthy that such amendments took place at the same time as the amendments to § 51.410 and became effective at the same time.
For the purposes of this opinion we will not distinguish between the amendments made by Senate Bill No. 129 and the other portions of Chapter 130, which were not affected by Senate Bill No. 129.
Generally speaking, the reports and disclosures which you refer to are required to be filed with the "appropriate officer" or "appropriate officers," which terms are defined by subsection (1) of § 130.011 as the person or persons designated in § 130.026
to receive certain required statements and reports. Under § 130.026, it is clear that the county clerk is not always the appropriate authority designated to receive such reports. This means, of course, that, depending on the circumstances, it is possible that the reports may be filed with other designated officers. This would clearly lead to certain inequities which would be similar to the inequities we believed might exist, in our analysis of the question presented in Opinion No. 182, if the county clerk charged for such filing.
Chapter 130 with respect to the Campaign Finance Disclosure Law does not contain the strong legislative directive with respect to the interpretation of other apparently conflicting legislation, which we found in Chapter 115, RSMo. However, it is our view that the assessment of charges for the filing of reports required under Chapter 130 would materially affect the implementation of that law. Further, since subsection 2(2) of § 130.056
requires that the "appropriate officer" "[a]ccept reports and statements required to be filed with his office" and perform other duties with respect to such reports and statements it seems apparent that the legislature did not intend that the clerk exact a charge for such filing.
CONCLUSION
It is the opinion of this office that House Bill No. 148 of the 80th General Assembly, which authorizes a three dollar charge by the county clerk for various services performed by him, does not authorize the clerk to charge for filing certain reports or statements required to be filed with his office under the Campaign Finance Disclosure Law, Chapter 130, RSMo 1978, as amended by Senate Bill No. 129, 80th General Assembly.
The foregoing opinion, which I hereby approve, was prepared by my Assistant, John C. Klaffenbach.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosure: Att'y Gen. Op. No. 182, Kirkpatrick, Oct. 16, 1979